UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:19-CR-51-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JUSTIN MICHAEL VAUGHN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting proceedings under Rule 11, *see* DE 20 (Minute Entry), Judge Atkins recommended that the undersigned accept Defendant Vaughn's guilty plea and adjudge him guilty of the lone Indictment count. *See* DE 21 (Recommendation); *see also* DE 18 (Plea Agreement) & 19 (Signed Consent). Judge Atkins expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 21 at 2–3. The established, 3-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)-(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 21, **ACCEPTS** Vaughn's guilty plea, and **ADJUDGES** him guilty of the lone Indictment count; and

2. The Court will issue a separate sentencing order.[1]

This the 11th day of October, 2019.

Signed By:
Robert E. Wier  *REW*
United States District Judge

---

[1] At the hearing, Judge Atkins, consistent with the parties' agreed recommendation (DE 18 at ¶ 10), released Defendant on previously imposed conditions. *See* DE 9 (Order Setting Conditions). The Court, thus, sees no need to further address detention, at this time.